**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4980**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-598)

Submitted:  July 26, 2006          Decided:  November 2, 2006

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Brown was convicted by a jury of possession with intent to distribute fifty or more grams of cocaine base (crack) and a quantity of cocaine, 21 U.S.C. § 841(a), (b)(1)(A) (2000) (Count 1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count 2). He was sentenced as an armed career criminal to a term of 262 months imprisonment. 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006); U.S. Sentencing Guidelines Manual § 4B1.4 (2003). Brown appeals his sentence, arguing that, under Blakely v. Washington, 542 U.S. 296 (2004), his sentence was increased based on facts determined by the sentencing judge, not the jury, in violation of the Sixth Amendment. We affirm.

At Brown's trial, Phyllis Smith testified that she spent the evening of August 14, 2002, with Brown. She said he carried a burgundy backpack which contained crack and a firearm. Brown distributed crack to her and others. During the evening, Brown rented a motel room where Smith stayed while Brown left to distribute some of the drugs. Before Brown returned, Smith took the backpack, left the motel, and shared Brown's crack with other people that night. The next day, afraid that Brown might find her, Smith went to a bonding company that had represented her in the past and turned over the gun and the remaining drugs. The gun was a loaded .38 caliber revolver. The backpack contained 101.4 grams of crack and 177 grams of cocaine powder. At trial, Brown

- 2 -

testified that the drugs and the gun belonged to Smith.  The jury convicted Brown on both counts.

Because Brown had prior state convictions for assault and battery of a high and aggravated nature, failure to stop for a blue light, and third degree burglary, the probation officer recommended that Brown qualified for sentencing as an armed career criminal[1] pursuant to 18 U.S.C.A. § 924(e).  The probation officer recommended an offense level of 34 under USSG § 4B1.4(b)(3), which applies when the defendant possessed the firearm in connection with a drug offense.  Brown had eight criminal history points (category IV); however, the probation officer recommended that the armed career criminal designation placed him in criminal history category VI, which applies if the conditions for offense level 34 are met.  USSG § 4B1.5(c)(2).  The recommended guideline range was 262-327 months.  The district court adopted the presentence report's recommendations without objection from Brown, and imposed the minimum sentence of 262 months imprisonment.

On appeal, Brown challenges the drug quantity and the weapon enhancement he received under USSG § 2D1.1, arguing that his sentence was imposed in violation of the Sixth Amendment in light of <u>Blakely</u> because these facts were not determined by the jury.  He

---

[1]A defendant qualifies for sentencing as an armed career criminal if he violates § 922(g) and has three prior convictions for a violent felony or a serious drug offense, committed on different occasions.  18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006).

also contests his armed career criminal status under <u>Blakely</u> because the predicate offenses were not charged in the indictment. Because Brown was sentenced before <u>Blakely</u> or <u>United States v. Booker</u>, 543 U.S. 220 (2005), was decided, and he did not raise these issues in the district court, our review is for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993); <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005) (discussing standard). The Supreme Court held in <u>Booker</u> that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by making the guidelines advisory. <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 543 U.S. at 245).

First, we note that the district court's factual findings concerning the drug amount and Brown's possession of a firearm did not affect his sentence because he was sentenced as an armed career criminal, which increased his offense level to 34 and his criminal history category to VI under § 4B1.4(b)(3)(A) and (b)(c)(2). Brown argues that his armed career criminal conviction cannot stand because the predicate convictions were neither charged in the indictment nor admitted by him.[2] This argument is foreclosed by

---

[2]Brown states that he did not admit the prior convictions at his guilty plea hearing, but this is a misstatement; he was convicted of the instant offenses by a jury.

<u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005) (holding that "the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.").

Moreover, in <u>Shepard v. United States</u>, 544 U.S. 13 (2005), the Supreme Court held that Sixth Amendment protections apply only to disputed facts <u>about</u> a prior conviction that are not evident from "the conclusive significance of a prior judicial record." <u>Id.</u> at 25-26. Brown's prior record established conclusively that he had three convictions for violent felonies committed on different occasions: aggravated assault and battery committed in 1990; failure to stop for a blue light[3] committed in 1996; and third degree burglary committed in 2000.

We also conclude that no Sixth Amendment violation occurred with the district court's application of offense level 34 and criminal history category VI under § 4B1.4, which encompassed a factual finding that Brown possessed the firearm "in connection with" the drug offense.[4]

---

[3]<u>See</u> <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003) (failure to stop for blue light constitutes a violent felony under 18 U.S.C.A. § 924(e)(2)(B)(ii)).

[4]Although Brown does not contest the armed career criminal sentence on this ground, he raised a Sixth Amendment claim with respect to the firearm enhancement for the drug offense, thus

In this circuit, "in connection with" is treated as analogous to "in relation to," as used in 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (construing USSG § 2K2.1(b)(5)). In other words, the firearm must facilitate or have the tendency to facilitate another offense. Id. "'[T]he firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence.'" Id. (quoting Smith v. United States, 508 U.S. 223, 238 (1993)) (modification in original). The government has the burden of proving facts necessary to establish that the firearm was used or possessed in connection with another felony. Blount, 337 F.3d at 411 (citing United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001)). The government may meet its burden by showing that the gun was "present for protection or to embolden the actor," United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (citation omitted), or that the defendant used the weapon for intimidation or "prepared for this contingency by keeping the firearm close at hand." Blount, 337 F.3d at 411.

The jury determined that Brown possessed the firearm at the same time that he committed the drug offense. The evidence at trial thus established that Brown had prepared to use the gun to intimidate others, if necessary, by keeping it close at hand, which

putting the issue before this court.

- 6 -

amounts to a finding that he had possessed the gun in connection with the drug offense.  <u>Blount</u>, 337 F.3d at 411.  We therefore conclude that the district court's application of § 4B1.4 was consistent with <u>Booker</u>.

Accordingly, we affirm the sentence imposed by the district court.[5]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[5]Brown does not challenge the mandatory application of the guidelines in his case.  The defendant bears the burden of showing that this error prejudiced him, or "'affected the outcome of the district court proceedings.'"  <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005) (quoting <u>Olano</u>, 507 U.S. at 734).  Under <u>White</u>, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." 405 F.3d at 224.  Although the court imposed a sentence at the bottom of the guideline range, it would only be speculation to conclude that the district court would have sentenced Brown to a lower sentence had it treated the guidelines as merely advisory.